# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: July 16, 2018

```
* * * * * * * * * * * * *
LYNETTE PESTEL,              *
                             *    No. 17-814V
            Petitioner,      *    Special Master Sanders
                             *
      v.                     *    Decision on Proffer; Damages;
                             *    Influenza ("Flu") Vaccine;
SECRETARY OF HEALTH          *    Guillain-Barré Syndrome ("GBS")
AND HUMAN SERVICES,          *
                             *
            Respondent.      *
* * * * * * * * * * * * *
```

Shealene Wasserman, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES[1]**

      On June 16, 2017, Lynette Pestel ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10, *et seq.*[2] (2012) ("Vaccine Act" or "Program"). Petitioner alleged that she suffered from Guillain-Barré Syndrome ("GBS") as a result of an influenza vaccine she received on September 26, 2014. Pet. at 1, ECF No. 1.

      On February 15, 2018, Respondent filed his Rule 4(c) Report, in which he concluded that "[P]etitioner has satisfied the criteria set forth in the newly revised Vaccine Injury Table and the Qualifications and Aids to Interpretation for GBS following a flu vaccination." ECF No. 16. Accordingly, Respondent concluded that Petitioner is entitled to an award of damages "limited to [P]etitioner's GBS and its related sequelae only." *Id.* On February 21, 2018, the undersigned issued a Ruling on Entitlement consistent with Respondent's Rule 4(c) Report. ECF No. 17.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

1

On July 16, 2018, Respondent filed a Proffer on Award of Compensation ("Proffer"). ECF No. 23. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner **a lump sum payment of $122,876.92, representing compensation for past and future pain and suffering ($120,000.00), past unreimbursed out-of-pocket medical expenses ($2,000.00), and past unreimbursed wage loss ($876.92), in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **LYNETTE PESTEL,** | * |
| Petitioner, | *  **No. 17-814V** |
| | *  Special Master Sanders |
| v. | * |
| **SECRETARY OF HEALTH AND HUMAN SERVICES**, | * |
| Respondent. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Items of Compensation**

The Court issued a Ruling on Entitlement on February 21, 2018. Based upon the evidence of record, respondent proffers that petitioner should be awarded the following amounts:

A.   $120,000.00, which represents compensation for past and future pain and suffering;

B.   $2,000.00, which represents compensation for past unreimbursed out-of-pocket medical expenses; and

C.   $876.92, which represents compensation for past unreimbursed wage loss.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

## II.     Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that petitioner be awarded a lump sum payment of $122,876.92 in the form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ DEBRA A. FILTEAU BEGLEY
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone:  (202) 616-4181

Dated:  July 16, 2018