# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  March 12, 2019

```
* * * * * * * * * * * * * *
LYNETTE PESTEL,             *
                            *
        Petitioner,         *         No. 17-814V
                            *         Special Master Sanders
v.                          *
                            *         Attorneys' Fees and Costs
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
        Respondent.         *
* * * * * * * * * * * * * *
```

Shealene P. Mancuso, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 16, 2017, Lynette Pestel ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine she received on September 26, 2014 caused her to suffer from Guillain-Barré Syndrome ("GBS"). Pet. at 1, ECF No. 1. On July 16, 2018, the parties filed a proffer, which the undersigned adopted as her decision awarding damages on the same day. Decision, ECF No. 44.

On December 5, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 28 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$16,018.11 (representing $15,243.40 in fees and $774.71 in costs). Fees App at 2. Pursuant to General Order No. 9, Petitioner has stated that she has not incurred any out-of-pocket costs in pursuit of his claim. *Id.* at 1. Respondent reacted to the motion on December 19, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 28). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:

Petitioner requests the following rates of compensation for her attorneys: for Ms. Shealene Mancuso, $225.00 per hour for work performed in 2017 and $233.00 per hour for work performed in 2018; for Mr. Paul Brazil, $275.00 per hour for work performed in 2016 and $300.00 per hour for work performed in 2017; and for paralegals, $125.00 per hour for all work performed. The undersigned finds that the requested rates are in conformance with what Muller Brazil, LLP attorneys and paralegals have consistently been awarded for their work in the Vaccine Program. Accordingly, no adjustment to the requested rates is necessary.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the hours billed in this matter by attorneys to be reasonable, but the hours billed by paralegals require minor reductions. It is well-established that work such as preparing exhibits for filing, calendaring events, and mailing documents is considered secretarial/clerical work and is not compensable in the Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). In the instant case, paralegals have billed time for processing invoices (entry on 5/9/17), scanning and preparing documents (entries on 6/16/17, 1/30/18, 3/28/18), and reviewing CMECF receipts for documents which were just filed on behalf of Petitioner (entries on 6/16/17). *See generally* Fees App. at 5-10. A paralegal also appears to have duplicated a billing entry on 2/1/18. *Id.* at 7. Accordingly, the undersigned will reduce the award of attorneys' fees by **$262.50**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $774.71 in costs, covering the cost of medical records and the Court's filing fee. Fees App. at 12. Petitioner has provided adequate documentation for all these costs, and the undersigned finds them all to be reasonable. Accordingly, Petitioner is entitled to a full reimbursement of costs, **$774.71**.

## II.   Conclusion

---

http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $15,243.40 |
|---|---|
| (Reduction to Fees) | -($262.50) |
| **Total Attorneys' Fees Awarded** | **$14,980.90** |
| | |
| Attorneys' Costs Requested | $774.71 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$774.71** |
| | |
| **Total Amount Awarded** | **$15,755.61** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Accordingly, the undersigned hereby awards **a total of $15,755.61 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Shealene Mancuso of Muller Brazil, LLP, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).